Filed 9/8/16  In re A.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.P., a Person Coming Under the Juvenile Court Law. | C078707 |
| THE PEOPLE, | (Super. Ct. No. 69612) |
| Plaintiff and Respondent, | |
| v. | |
| A.P., | |
| Defendant and Appellant. | |

Minor A.P. appeals from the juvenile court's dispositional orders committing him to 360 days at the San Joaquin County Camp.  Appointed counsel for A.P. has asked us to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required by *Wende*, we affirm the juvenile court's orders.

1

## BACKGROUND

In July 2012, a juvenile wardship petition was filed against A.P. in Alameda County, charging him with one count of home invasion robbery in concert (Pen. Code, §§ 211, 213, subd. (a)(1)(A))[1] and one count of first degree burglary (§ 459). The petition also alleged a firearm enhancement (§ 12022, subd. (a)(1)) as to each count. Following his admission to the burglary count, A.P. was adjudged a ward of the court and committed to the care, custody, and control of the probation officer for placement. In October 2012, the matter was transferred to San Joaquin County for wardship supervision.

In June 2013, A.P. admitted to violating the terms and conditions of his probation by committing first degree burglary. The juvenile court revoked and reinstated probation, and ordered A.P. to serve 130 days in the Juvenile Justice Center.

In June 2014, A.P. admitted to violating the terms and conditions of his probation by failing to obey all orders of the juvenile court, attend school and substance abuse counseling, refrain from using illegal drugs, and follow the directives of the probation officer and school officials. The juvenile court revoked and reinstated probation, and ordered A.P. to serve 60 days in the Juvenile Justice Center and complete a substance abuse program.

In September 2014, A.P. admitted to violating the terms and conditions of his probation by failing to obey all orders of the juvenile court, attend school, successfully complete the Reconnect Program, and refrain from using illegal drugs. The juvenile court revoked and reinstated probation, and ordered A.P. to serve 15 days in the Juvenile Justice Center with an additional 60 days suspended on the condition he complete the Reconnect Program.

---

[1] Further undesignated statutory references are to the Penal Code.

In December 2014, A.P. admitted to violating the terms and conditions of his probation by resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(l)), and by failing to obey reasonable directives of his guardian and probation officer, attend school daily and not be suspended or excluded by reason of misconduct, complete the Reconnect Program, and obey all orders of the juvenile court. The juvenile court revoked and reinstated probation, and ordered A.P. to serve 60 days in the Juvenile Justice Center with an additional 60 days suspended on the condition he complete the Reconnect Program. The court also ordered A.P. committed to the electronic monitoring program 60 days following his Juvenile Justice Center commitment.

In January 2015, A.P. admitted to violating the conditions of his probation by, among other things, failing to abide by all instructions of the juvenile court, EMP Officer, probation officer, and school officials; complete the Reconnect Program; refrain from using or possessing controlled substances; attend school daily and not be suspended or excluded by reason of misconduct; and comply with the home detention program. The juvenile court revoked and reinstated probation. In accordance with the recommendation of the probation department's administrative screening committee, the juvenile court ordered A.P. to serve 360 days at the San Joaquin County Camp with 30 days on electronic monitoring following completion of commitment.[2]

Defendant filed a timely notice of appeal.

---

[2] Minor's counsel objected to the administrative screening committee's making a recommendation to the juvenile court regarding the appropriate disposition of this case. Minor's counsel, however, failed to cite any authority demonstrating that it was improper for the juvenile court to consider the screening committee's recommendation. Our research has not revealed any authority that would justify reversal of the juvenile court's dispositional order on this basis.

## DISCUSSION

We appointed counsel to represent A.P. on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) A.P. was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. To date, A.P. has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to A.P. Consequently, we affirm.

## DISPOSITION

The orders of the juvenile court are affirmed.

_____/s/_____

Duarte, J.

We concur:

_____/s/_____

Nicholson, Acting P. J.

_____/s/_____

Renner, J.